1

2

3

4                      UNITED STATES DISTRICT COURT

5                    NORTHERN DISTRICT OF CALIFORNIA

6

7     ALERT ENTERPRISES, INC.,                 Case No.  16-cv-02900-EMC

8                  Plaintiff,

9           v.                                 ORDER GRANTING DEFENDANT'S
                                               MOTION TO CHANGE VENUE
10    JOHNSON CONTROLS, INC.,,                 PURSUANT TO 28 U.S.C. § 1404(a)

11                 Defendant.                  Docket No. 26

12

13          Plaintiff Alert Enterprise, Inc. ("Alert") initiated this case in state court, asserting claims

14   that Defendant Johnson Controls, Inc. ("JCI") breached a contract entered into by the parties and

15   further breached the implied covenant of good faith and fair dealing.  JCI removed the case to

16   federal court (on the basis of diversity jurisdiction) and subsequently filed a counterclaim against

17   Alert, asserting claims for breach of contract, breach of express limited warranties, and implied

18   contractual indemnity.  Both parties' claims relate to work that was done by JCI and Alert for a

19   third-party SCS, which is based in Georgia.

20          Currently pending before the Court is a motion to transfer the instant case from the

21   Northern District of California to the Northern District of Georgia.  The Court held a hearing on

22   JCI's motion on August 25, 2016, and ruled that the case should be transferred.  This order

23   memorializes and supplements the Court's rulings made at the hearing.

24          Title 28 U.S.C. § 1404(a) provides in relevant part as follows: "For the convenience of

25   parties and witnesses, in the interest of justice, a district court may transfer any civil action to any

26   other district or division where it might have been brought or to any district or division to which

27   all parties have consented."  28 U.S.C. § 1404(a).  In the instant case, JCI seeks a transfer to the

28   Northern District of Georgia, which is where third-party SCS is located.  There is no dispute

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1  between the parties that Alert could have filed suit against JCI in the Northern District of Georgia.

2  Thus, the only question is whether a transfer is for the convenience of the parties and witnesses,

3  and in the interest of justice.  JCI has the burden of proving that a transfer is warranted.  *See*

4  *Robert Bosch Healthcare Sys. v. Cardiocom, LLC*, No. C-14-1575 EMC, 2014 U.S. Dist. LEXIS

5  81156, at *9 (N.D. Cal. June 13, 2014) (stating that the moving party "bears the burden of

6  establishing the propriety of a § 1404 transfer").

7          In resolving the pending motion, the Court has considered the factors that the Ninth Circuit

8  and district courts therein have identified as significant, *see id.* at *10-11 (listing factors),

9  including, *e.g.*, the plaintiff's choice of forum, where the contract was performed, and where

10  critical witnesses are located.  The totality of the circumstances weighs in favor of transfer.  Most

11  significantly, the center of gravity for this lawsuit is Georgia, where SCS is based.  Although Alert

12  performed work for SCS remotely in California, it also performed work for SCS in Georgia.

13  Moreover, Alert claims mismanagement of the SCS project by JCI, and the head of JCI's team is

14  located in Georgia and worked on the SCS project daily in Georgia.  SCS employees are also

15  largely based in Georgia, and their testimony will be critical in this case, as they will explain why

16  SCS selected Alert, what SCS expected Alert and JCI to do, and why SCS ultimately decided to

17  terminate use of Alert's products/services.

18          The Court also notes it appears there is a pending dispute between SCS and JCI arising out

19  of the same transaction and, if a lawsuit were initiated by either company against the other, it

20  would likely be brought in Georgia.  In addition, while the Court affords some deference to Alert's

21  choice of forum – its home forum where Alert performed at least some of the work for SCS – that

22  factor is not dispositive in light of the above factors.  Furthermore, it is not unreasonable to

23  characterize Alert's lawsuit, while not in bad faith, as being somewhat anticipatory in nature.  *See*

24  *Seeberger Enters. v. Mike Thompson Rec. Vehicles, Inc.*, 502 F. Supp. 2d 531, 538-39 (W.D. Tex.

25  2007) (stating that, "[w]hile some of Plaintiffs' likely motivations for filing suit first in the district

26  in which Plaintiffs' primary place of business is located, such as convenience and cost, are

27  legitimate, the anticipatory nature of the filing of the instant suit makes the Court inclined to

28  accord less deference to Plaintiffs' choice of forum"); *Royal Queentex Enters. v. Sara Lee Corp.*,

No. C 99-4787 MJJ, 2000 U.S. Dist. LEXIS 10139, at *10 (N.D. Cal. Mar. 1, 2000) (stating that, "[w]hile plaintiff's choice of forum is to be given great weight, that choice is not the final word[;] [c]ircumstances in which a plaintiff's chosen forum will be accorded little deference include cases of anticipatory suits and forum shopping").

Accordingly, the Court hereby **GRANTS** JCI's motion to transfer.  The Clerk of the Court is instructed to transfer this case to the Northern District of Georgia and close the file in this case.

This order disposes of Docket No. 26.


**IT IS SO ORDERED**.


Dated: August 26, 2016

_____
EDWARD M. CHEN
United States District Judge